UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PRISCILLA HOWARD,        :    NO. 1:10-CV-00597
                         :
    Plaintiff,           :
                         :
  v.                     :    **OPINION AND ORDER**
                         :
FOOD, FOLKS & FUN, INC., :
                         :
    Defendant.           :

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay Court Proceedings (doc. 5), Plaintiff's Response in Opposition (doc. 7), and Defendant's Reply (doc. 8). For the reasons indicated herein, the Court DENIES Defendant's motion.

Plaintiff's Complaint involves claims that she suffered sexual harassment while working at Defendant's fast food restaurant, and that she was constructively discharged in response to her complaints about the work environment (doc. 1). Plaintiff was only sixteen years old during the time of her employment (Id.).

Defendant seeks in its motion to stay this matter and to Compel Arbitration in accordance an arbitration agreement in its handbook, that Plaintiff signed when she was hired (doc. 5). Defendant relies on provisions of the Federal Arbitration Act, 9 U.S.C. § 4, as well as a host of case law, which spells out the well-established principles supporting the enforcement of arbitration agreeements (Id. citing Buckeye Check Cashing, Inc. v.

Cardegna, 546 U.S. 440, 443 (2006), Seawright v. American General Financial Services, Inc., 507 F.3d 967, 970 (6th Cir. 2007), Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir. 2009)).

Plaintiff opposes Defendant's motion, contending the arbitration agreement she signed at sixteen years old was voided when she reached the age of majority and disaffirmed it (doc. 7). Citing Ohio law, Plaintiff contends the arbitration agreement is voidable at her election, so long as she does so within a reasonable time of reaching majority (Id. citing Casella v. Tiberio, 150 Ohio St. 27 (1948)). Plaintiff argues she made Defendant aware of her disaffirmance of the agreement when she filed this lawsuit. (Id. Citing Drake v. Ramsay, 5 Ohio St. 251 (1831)(a minor may disaffirm a contract by way of any act known to the affected parties that manifests her intent to avoid the contract)). Moreover, Plaintiff contends she originally had no idea what the ramifications of signing the agreement were, and Defendant did not explain them to her at any point, and she had no idea what arbitration even was (Id.).

Defendant argues in Reply that in its view Plaintiff did not void her agreement in a timely fashion because she had the assistance of counsel, and did not attempt to void her agreement until eight months after her eighteenth birthday (doc. 8). Defendant further contends that Plaintiff would not be substantively harmed by pursuing her claims through arbitration,

2

and argues the Sixth Circuit has expressly found that Congress intended that Title VII claims be permitted to be heard through arbitration (Id. citing Cooper v. MRM Investment Co., 367 F.3d 493, 509 (6th Cir. 2004)).

Having reviewed this matter, the Court finds Plaintiff's position well-taken that she should be entitled to pursue her claims through the Court system and should not be compelled to arbitration.  Indeed there is a strong federal policy favoring arbitration where parties entered into such an agreement. However, in this instance, it is clear to the Court there was never a meeting of the minds when Plaintiff, as a minor, signed the agreement Defendant now seeks to enforce.  The facts show she did not even understand what arbitration was, nor did Defendant explain the concept. Recently, the Sixth Circuit issued a helpful decision in the analysis of whether employees knowingly and voluntarily execute a waiver of right to a judicial forum.  Alonso v. Huron Valley Ambulance Inc., 375 Fed. Appx. 487 (6th Cir. 2010).  In the determination of whether a waiver was entered into knowingly and voluntarily, a court considers:

> (1) plaintiff's experience, background, and education, 2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer, 3) the clarity of the waiver, 4) consideration for the waiver, as well as 5) the totality of the circumstances.

Id. citing Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 668 (6th Cir. 2003).

3

In this case, Plaintiff's lack of experience, as a minor, weighs as a heavy consideration for the Court.  When she agreed to waive her right to a judicial forum and instead arbitrate, she was not represented by counsel.  She did not understand.  Moreover, the agreement states, "AGREEMENT TO ARBITRATE-Because of the delay and expense of the court systems, Food, Folks & Fun, Inc. and I agree to use confidential binding arbitration for any claims that arise between myself and Food, Folks & Fun, Inc...." (doc. 5).  The Court questions the clarity of such language in explicity informing the employee that she was foregoing her right to pursue any claims judicially, as the language only refers to delay and expense of using the court system.

For all of these reasons, the Court finds that Plaintiff never knowingly and voluntarily waived her right to pursue her claims in court.  Defendant cannot provide boilerplate language to minors it hires, and expect to enforce such language against minors who do not understand what they are signing.

Moreover, the Court finds no question that even if there was a valid agreement, Plaintiff clearly disaffirmed the contract when she filed her lawsuit.  The facts show Defendant became aware of Plaintiff's complaint when she filed her EEOC charge in January of 2009, at the age of 17.  Defendant did not raise the issue of arbitration until nearly two years later.  Any enforcement of such arbitration agreement under these circumstances would simply be

4

inequitable.

Accordingly, the Court DENIES Defendant's Motion to Compel Arbitration and Stay Court Proceedings (doc. 5).

SO ORDERED.

Dated: December 15, 2010          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge

5